◼ McCORMACK MOTOR SALES, Appellant, v. DANIEL HAYES, Respondent. In an action *inter alia* to recover balances due on contracts under which two motor vehicles were sold and delivered to defendant, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 31, 1973, which denied its motion for summary judgment. Order affirmed, with $20 costs and disbursements. In our opinion, the parol evidence rule does not operate to preclude proof of defendant's claims (1) that he relied in good faith upon plaintiff's agent's fraudulent misrepresentation that the prices stated on the purchase order forms would not be operative and (2) that said agent had apparent authority to make such representation (cf. *Exchange Leasing Corp.* v. *Bundy*, 29 A D 2d 828; 9 Wigmore, Evidence [3d ed.], § 2442; 3 Corbin, Contracts, § 573). Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.

◼ RAIMUNDO MOLINA, Appellant, v. GENE L. GRUPPOSO, as Property Clerk of the Police Department of the City of New York, Respondent.— In an action to recover cash which was placed in defendant's custody, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 15, 1972, in favor of defendant, after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and case remitted to the trial court for the making and entry of a judgment in favor of plaintiff. The money in issue, which had been secreted in a suitcase under a stove in the kitchen of plaintiff's apartment, was seized by a police officer during an arrest of other persons therein, including plaintiff's wife, who were involved in "racehorse policy" gambling activities. Plaintiff was not present during the arrest and was not seen in or near the premises during the period of police surveillance thereof preceding the arrest. The suitcase contained no evidence of gambling paraphernalia. Plaintiff's testimony was that he had obtained a large portion of this money from the sale of his grocery store and from a large withdrawal made from a bank and that he was saving said money for his return to Puerto Rico. The record contains documentary evidence of the two transactions. It was defendant's contention that the money was in the apartment in connection with the illegal activity occurring therein. Defendant also contended that plaintiff's explanation was incredible and unworthy of belief. The trial court found that plaintiff had failed to establish (1) lawful title to or property right in the money and (2) that he had lawfully obtained possession thereof (see Administrative Code of the City of New York, § 435–4.0, subd. f). We disagree and find that plaintiff sustained his burden of proof. Accordingly, the judgment should be reversed and defendant directed to return the money to plaintiff forthwith (cf. *Weiss* v. *Rosetti*, 23 A D 2d 655). We do not reach the question of the constitutionality of section 435–4.0 of the Administrative Code of the City of New York. Rabin, P. J., Latham, Shapiro and Gulotta, JJ., concur; Munder, J., dissents and votes to affirm the judgment.